| | |
|---|---|
| **DISTRICT COURT OF THE VIRGIN ISLANDS** | |
| **DIVISION OF ST. CROIX** | |

**VALENCIA ACOY as mother and next friend to STANICE ACOY,**

                                **Plaintiff,**

    **v.**

**KMART CORPORATION,**

                                **Defendant.**

**2002-CV-0071**

**TO:**   Lee J. Rohn, Esq.
        Yvette Ross-Edwards, Esq.

## ORDER REGARDING DEFENDANT'S MOTIONS TO COMPEL

THIS MATTER came before the Court upon the parties' Joint Stipulation Regarding Defendant's Motion to Compel Plaintiff to Provide Signed Medical Authorizations (Docket No. 64) and Joint Stipulation Regarding Defendant's Motion to Compel Plaintiff to Provide Supplemental Responses to Discovery (Docket No. 65).

In its motion to compel Plaintiff to provide signed medical authorizations, Defendant claims that Plaintiff refuses to provide the "HIPAA Authorizations" in the absence of a confidentiality agreement and that Defendant objects to the scope of Plaintiff's proposed confidentiality agreement.

*Acoy v. Kmart Corp.*
2002-CV-0071
Order Regarding Defendant's Motions to Compel
Page 2

Defendant cites to the paragraph of Plaintiff's proposed confidentiality agreement that purports to define *confidential information* for purposes of the agreement.  It is clear from this cited definition that Plaintiff seeks to include all of her medical and psychological records.

This Court previously has held that, where a party's physical condition is a factor or element of the party's claims, no patient-physician privilege exists, pursuant to V.I. Code Ann. tit. 5 § 855.  Section 855 codifies the physician-patient privilege in the Virgin Islands.  However, subparagraph four (4) of said statute, provides, in pertinent part: "There is no privilege under this section in an action in which the condition of the patient is an element or factor of the claim or defense of the patient . . . ."  V.I. Code Ann. tit. 5 § 855(4) (1997).  The plain meaning of the provision is that there is no physician-patient privilege *in an action* where the condition of the patient is an element or factor of the claim or defense of such patient.  In other words, where the "condition" of a patient (as defined by the statute) is an element or factor of a claim or defense of that patient in a civil *action,* there is no physician-patient privilege in that *action*.

Since no physician-patient privilege exists in this matter, all Plaintiff's medical records are not privileged nor require confidential treatment.  However, because  alcohol

*Acoy v. Kmart Corp.*
2002-CV-0071
Order Regarding Defendant's Motions to Compel
Page 3

and drug abuse treatment, mental health, and AIDS/HIV diagnosis and/or treatment are

protected by the Health Insurance Portability and Accountability Act (HIPAA), the Court

will order that such information be subject to a confidentiality agreement.  The parties'

confidentiality agreement shall incorporate the provisions as ordered herein.

With regard to Defendant's motion to compel supplemental discovery responses,

the record reflects that Plaintiff filed notice of service of her supplemental responses on

May 29, 2007 (Docket No. 69).  Thus, the Court finds said motion moot.

Accordingly, it is hereby **ORDERED**:

1.    Defendant's Motion to Compel Plaintiff to Provide Signed Medical
      Authorizations (Docket No. 64) is **GRANTED**.

2.    Plaintiff shall, within ten (10) days, execute what Defendant refers to as the
      HIPAA Authorizations, which may include the release of information
      concerning alcohol and/or drug abuse treatment and/or mental health and/or
      AIDS- or HIV-related condition, diagnosis, and/or treatment.

3.    The parties shall, within ten (10) days, execute a confidentiality agreement
      in accordance with the following provisions:

*Acoy v. Kmart Corp.*
2002-CV-0071
Order Regarding Defendant's Motions to Compel
Page 4

a.   The words *contract, agreement, medical records, and Sexually Transmitted Disease* [sic] shall be removed from the definition of "confidential information."

b.   Access to all alcohol and/or drug abuse treatment and/or mental health and/or AIDS- or HIV-related information shall be limited to just those attorneys and support staff directly involved in preparation of this case, and counsel for Defendant shall not allow representatives of Defendant access to the information.

c.   Counsel for Defendant may reveal the alcohol and/or drug abuse and/or mental health and/or AIDS- or HIV-related information to the minimum number of Defendant's experts necessary to evaluate the information and prepare the case.

d.   All alcohol and/or drug abuse and/or mental health and/or AIDS- or HIV-related information shall be kept in separate envelopes on the front of which shall be affixed a notice stating its confidential nature, and counsel for Defendant shall inform each person to whom such

*Acoy v. Kmart Corp.*
2002-CV-0071
Order Regarding Defendant's Motions to Compel
Page 5

information is disclosed of its confidential nature and that person's

duties under the Confidentiality Agreement entered in this matter.

e.      At the conclusion of legal proceedings between the parties, counsel for

Defendant shall return all alcohol and/or drug treatment and/or

mental health and/or AIDS- or HIV-related information to Plaintiff.

4.    Defendant's Motion to Compel Plaintiff to Provide Supplemental Responses

to Discovery (Docket No. 65) is **DENIED AS MOOT**.

ENTER:

Dated: February 21, 2008                                  /s/
                                          GEORGE W. CANNON, JR.
                                          U.S. MAGISTRATE JUDGE