**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **VALENCIA ACOY** as mother and next friend to **STANICE ACOY,** | |
| **Plaintiff,** | **2002-CV-0071** |
| v. | |
| **KMART CORPORATION,** | |
| **Defendant.** | |

**TO:**  Lee J. Rohn, Esq.
     Yvette Ross-Edwards, Esq.

### ORDER DENYING PLAINTIFF'S MOTIONS TO ALLOW PLAINTIFF TO ATTEND MEDIATION TELEPHONICALLY

THIS MATTER came before the Court upon Plaintiff's Motion to Allow Plaintiff to Attend Mediation Telephonically (Docket No. 86). Defendant filed an opposition to said motion, and Plaintiff filed a reply thereto.

Plaintiff claims that "due to the cost and expenses of travel for herself and four children, she is unable to attend mediation due to finances[.]" Motion at 1. This Court's Local Rules of Civil Procedure require a "party or its representative having full authority

*Acoy v. Kmart Corp.*
2002-CV-0071
Order Denying Plaintiff's Motion to Allow Plaintiff to Attend Mediation Telephonically
Page 2

to settle without further consultation" to be physically present at a mediation conference, unless otherwise stipulated by the parties. LRCi 3.2(f)(2)(A).[1]

It is clear from the opposition of Defendant that it does not stipulate to Plaintiff's physical absence from the mediation conference. Nowhere in her motion or reply does Plaintiff state that her representative at the mediation conference will have "full authority to settle without further consultation." Consequently, the Court finds that Plaintiff must be physically present at the mediation conference and will deny the motion.

Accordingly, it is hereby **ORDERED** Plaintiff's Motion to Allow Plaintiff to Attend Mediation Telephonically (Docket No. 86) is **DENIED**.

ENTER:

Dated: May 22, 2008

/s/
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE

---

1. Defendant cites Superior Court Rule 40(d). Obviously, the Local Rules of Civil Procedure control in this Court.